**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Diana Lopez, *on behalf of herself and others*
*similarly situated in   the proposed FLSA*
*Collective Action,*

                                     *Plaintiff,*

          - against -

Dutch   Express   LLC,   Marcus   Hoed,   Ariella
Azogui, and Aviv Siso,

                                     *Defendants.*
-------------------------------------------------------------X

Case No.:


**Jury Trial Demanded**

**<u>COMPLAINT</u>**

          Plaintiff Diana Lopez  ("Plaintiff" or "Lopez"), on behalf of herself and others similarly

situated, by and through her attorneys, Levin-Epstein & Associates, P.C., upon personal

knowledge as to herself and upon information and belief as to others, brings this complaint against

Defendant Dutch Express LLC (the "Corporate Defendant"), Marcus Hoed, Ariella Azogui, and

Aviv Siso (together, the "Individual Defendants", and collectively with the Corporate Defendant,

the "Defendants") and states as follows:

## NATURE OF THE ACTION

          1.     Plaintiff brings this lawsuit seeking recovery, for herself and all other similarly

situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§

201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law

("NYLL") and their supporting New York State Department of Labor regulations.

          2.     Plaintiff seeks injunctive and declaratory relief and to recover unlawfully retained

gratuities, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees

and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216

(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's

claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28

U.S.C. § 1331 because her claims arise under the FLSA.

5.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b)

and (c), because all events relevant to this action occurred in this District, and the acts and

omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF DIANA LOPEZ**

6.      Plaintiff Lopez was employed as a courier at Defendants' delivery company,

"Dutch Express."

7.      Plaintiff Lopez was employed as a non-managerial employee at Dutch Express

from on or around July 2, 2018 to, through and including December 3, 2018.

8.      At all relevant times, Plaintiff has been an employee within the meaning of Section

3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT DUTCH EXPRESS LLC**

9.      Upon information and belief, Defendant Dutch Express LLC is a domestic limited

liability company organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 100 6th Ave., New York, NY

10013, and alternate addresses at: (i) 575 Eighth Ave., New York, NY, 10018; and (ii) 444

Madison Ave., 6th Floor, New York, NY, 10022.

10.     Defendant Dutch Express LLC owns, operates and/or controls a delivery company known as "Dutch Express" located at 100 6th Ave., New York, NY 10013.

11.     At all times relevant to this Complaint, Defendant Dutch Express LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

12.     At all times relevant to this Complaint, Defendant Dutch Express LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

13.     At all times relevant to this Complaint, Defendant Dutch Express LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

14.     Defendant Dutch Express LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

15.     Defendant Dutch Express LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT MARCUS HOED**

16.     Defendant Marcus Hoed is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

17.     Defendant Marcus Hoed is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

18.     Defendant Marcus Hoed possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

19.     Defendant Marcus Hoed determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

20.     At all times relevant to this Complaint, Defendant Marcus Hoed was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT ARIELLA AZOGUI**

21.     Defendant Ariella Azogui is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22.     Defendant Ariella Azogui is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

23.     Defendant Ariella Azogui possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

24.     Defendant Ariella Azogui determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25.     At all times relevant to this Complaint, Defendant Ariella Azogui was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT AVIV SISO**

26.     Defendant Aviv Siso is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

27.     Defendant Aviv Siso is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

28.     Defendant Aviv Siso possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

29.     Defendant Aviv Siso determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

30.     At all times relevant to this Complaint, Defendant Aviv Siso was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

31.     Defendants own, operate and/or control a delivery company known as "Dutch Express" located at 100 6th Ave., New York, NY 10013.

32.     The Individual Defendants possess operational control over the Corporate Defendant, possess an ownership interest in the Corporate Defendant, and controls significant functions of the Corporate Defendant.

33.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34.     Each Defendant possessed substantial control over Plaintiff's (and other similarly

situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

35.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

37.      Upon information and belief, the Individual Defendants operate the Corporate Defendant as either an alter ego of themselves, and/or fail to operate the Corporate Defendant as an entity legally separate and apart from themselves, by, among other things:

a.      failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

b.      defectively forming or maintaining the Corporate Defendant, by among other things, failing to hold annual meetings or maintaining appropriate corporate records;

c.      transferring assets and debts freely as between all Defendants;

d.      operating the Corporate Defendant for their own benefit as the majority shareholders;

e.      operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f.      intermingling assets and debts of their own with the Corporate Defendant;

g.      diminishing and/or transferring assets of the Corporate Defendant to protect their

6

own interests; and

h.      other actions evincing a failure to adhere to the corporate form.

38.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

39.     Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

## FACTUAL ALLEGATIONS

40.     Plaintiff and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

41.     Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

42.     Plaintiff was an employee of Defendants.

43.     Plaintiff was employed as a courier at Defendants' delivery company known as "Dutch Express" located at 100 6th Ave., New York, NY 10013.

44.     From approximately July 2, 2018 to, through and including December 3, 2018, Plaintiff worked five (5) days per week, 9:00 a.m. to 4:00 p.m. or 5:00 p.m., *i.e.*, seven (7) to eight (8) hours per day, for a total average of approximately 37.5 hours during each of the weeks, respectively.

45.     From approximately July 2, 2018 to, through and including December 3, 2018, Plaintiff was paid $13 per hour.

46.     At all relevant times, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff's tipped wages.

47.     During the relevant period, Defendants were performing courier services for "Amazon Fresh," an online retailer that sells groceries.

48.      Amazon Fresh customers who wish to tip delivery personnel, specify the tip amount on the applicable Amazon Fresh platform at checkout.[1]

49.     According to Amazon Fresh's frequently asked questions, "[t]ipping is completely optional. If [customers] elect to leave a tip, the entire tip goes to [customer's] courier."[2]

50.     On multiple occasions, Plaintiff would have conversations with Amazon Fresh customers when performing deliveries regarding gratuities and tips.

51.     On these occasions, Plaintiff was told by Amazon Fresh customers that they were tipping online.

52.     This came as a surprise to Plaintiff, who never received *any* tips in connection with her work as a courier.

53.     Although the exact amount is unknown, it is estimated that Defendants unlawfully appropriated between $500 to $1,000 in tipped wages, per employee, per week.

54.     Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

55.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

56.     Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

---

[1] *See* https://www.amazon.com/fmc/learn-more?tag=googhydr
20&hvadid=445337001296&hvpos=&hvexid=&hvnetw=g&hvrand=3419627136048408713&hvpone=&hvptwo=&
hvqmt=e&hvdev=c&hvdvcmdl=&hvlocint=&hvlocphy=9004338&hvtargid=kwd-
4070037734&ref=pd_sl_5el6b2u9rw_e
[2] *Id.*

57.     Defendants did not give any notice to Plaintiff, in English, of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

58.     At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-half times her hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

59.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to couriers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

60.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay them at the legally required minimum wages for all hours worked, and by automatically deducting meal breaks from employees' schedules, regardless of whether some or all of the time was used for a meal break. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

61.     The First Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

62.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

**FIRST CLAIM**
**(Unlawful Wage Deductions Under the FLSA)**

63.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

64.     Defendants have made unlawful deductions and required kickbacks from Plaintiff's wages, including but not limited to, deductions from Plaintiff's tips that were received from customers.

65.     The deductions made from Plaintiff's wages have not been authorized or required by law.

66.     The deductions made from Plaintiff's wages have not been expressly authorized in writing by Plaintiff, and have not been for Plaintiff's benefit.

67.     Through their knowing or intentional efforts to permit unauthorized deductions form Plaintiff's wages, Defendants have willfully violated the FLSA. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

68.     Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the FLSA, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**SECOND CLAIM**
**(NYLL – Unlawful Deductions from Tips)**

69.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

70.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

71.     New York State Labor Law § 196-d prohibits any employer or his agents,

including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

72.     Defendants unlawfully misappropriated a portion of Plaintiff's tips that were received from customers.

73.     Defendants knowingly and intentionally retained a portion of Plaintiff's tips in violations of the NYLL and supporting Department of Labor Regulations.

74.     Plaintiff was damaged in an amount to be determined at trial.

**THIRD CLAIM**
**(NYLL WTPA– Failure to Provide Wage Notices)**

75.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

76.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

77.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

78.     Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover her liquidated damages, reasonable attorney's fees and cost and disbursement of the action,

pursuant to the NYLL § 198 (1-b).

### FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

79.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

80.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

81.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.     authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were a victim of Defendants' illegal tip theft practices;

b.     certification of this case as a collective action pursuant to the FLSA;

c.     issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by

       filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d.      declaring that Defendants violated the tip theft provisions of the NYLL and the NYDOL regulations;

e.      declaring that Defendants violated the tip theft provisions of the FLSA;

f.      declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g.      awarding Plaintiff unpaid tipped wages;

h.      awarding Plaintiff statutory damages as a result of Defendants' breach of the NYC Charter;

i.      awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

j.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

k.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

l.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

m.      Such other relief as this Court deems just and proper.


Dated: New York, New York
      June 21, 2022                Respectfully submitted,


                       By:  /s/ Jason Mizrahi
                           Jason Mizrahi
                           Joshua Levin-Epstein
                           Levin-Epstein & Associates, P.C.
                           60 East 42nd Street, Suite 4700
                           New York, New York 10165
                           Tel: (212) 792-0048
                           Email: Jason@levinepstein.com
                           *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*