

**Casey J. Hail**
Direct Dial: 917.472.9520
chail@steinadlerlaw.com

October 7, 2022

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *Lopez v. Dutch Express LLC, et al.*, Case No. 22-cv-05180-JGK**

Dear Judge Koeltl:

This firm represents defendants Dutch Express LLC ("Dutch Express" or the "Company"), Marcus Hoed, Ariella Azogui and Aviv Siso (collectively with Dutch Express, "Defendants") in the above-referenced action (the "Action"). Pursuant to Rule II(B) of Your Honor's Individual Practices, we write to respectfully request a pre-motion conference in contemplation of Defendants' motion to (i) compel arbitration and (ii) dismiss the Complaint or, in the alternative, stay the Action pending arbitration. Defendants' proposed motion would also seek, in further alternative should the motion to compel arbitration be denied, to dismiss Plaintiff's third and fourth claims for alleged violations of New York Labor Law due to Plaintiff's lack of standing to maintain such claims.

## I. Background

### A. Background and Claims

Plaintiff Diana Lopez ("Plaintiff") was employed by the Company as a delivery courier from approximately July 2, 2018 through December 3, 2018. (Compl. (Doc No. 1) ¶¶ 7, 43.) On June 28, 2018, Plaintiff and the Company executed a standalone Mutual Agreement to Arbitrate Claims (the "Agreement" (Doc. No. 11-1)).

By way of this Action, commenced on June 21, 2022, Plaintiff has asserted putative class action claims against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA") (Compl. (Doc. No. 1) ¶¶ 63-68) and New York Labor Law ("NYLL") (*id.* ¶¶ 69-81). Specifically, Plaintiff has asserted claims for (1) unlawful wage deductions under the FLSA (*id.* ¶¶ 63-68); (2) unlawful deductions from tips under NYLL (*id.* ¶¶ 69-74); (3) failure to provide wage notices pursuant to NYLL, specifically the Wage Theft Prevention Act (*id.* ¶¶ 75-78); and (4) violation of the wage statement provisions of NYLL (*id.* ¶¶ 79-81).

Defendants' counsel provided a copy of the parties' Agreement to Plaintiff's counsel on August 24, 2022. Counsel subsequently met and conferred, and Defendants requested that Plaintiff


voluntarily dismiss the Action in light of that Agreement. Plaintiff has declined to do so, necessitating Defendants' proposed motion, described below.

**B. Mutual Agreement to Arbitrate Claims**

The Agreement provides:

> Mandatory Arbitration. The Parties agree that any Covered Claim, whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory, shall be resolved by mandatory, final, and binding arbitration administered by the American Arbitration Association (the "AAA")…with judgment on the award rendered by the arbitrator to be entered in any court having jurisdiction thereof. (Agreement ¶ 2.)

In defining claims subject to mandatory arbitration, the Agreement further provides:

> Claims Covered. To the maximum extent permitted by applicable law, the Parties' agreement to arbitrate covers all grievances, disputes, claims, controversies, complaints, suits, actions, charges, causes of action, damages, demands, and liabilities, in law or in equity (the "Claims") arising out of, or relating to, Employee's hiring by, employment with, and/or termination from Employer, including any Claims that Employee may have against Employer or any of its officers, directors, supervisors, managers, employees, or agents in their capacity as such or otherwise…as well as any Claims that Employer may have against Employee (collectively, the "Covered Claims"). (*Id.* ¶ 3.)

The Agreement confirms that "[t]he Parties specifically agree that any and all Claims under the Fair Labor Standards Act…and/or the New York Labor Law, including, but not limited to, Claims for overtime, unpaid wages, and Claims involving meal and rest breaks, shall be subject to this Agreement to arbitrate." (*Id.* ¶ 3.)

With respect to class actions, the Agreement provides that "[e]xcept as otherwise required under applicable law, Employee and Employer expressly intend and agree that…class action and representative action procedures shall not be asserted, nor will they apply, in any arbitration pursuant to this agreement" and that "each will not assert class action or representative action claims against the other in arbitration or otherwise[.]" (*Id.* ¶ 27.) "Further, Employee and Employer expressly intend and agree that any claims by Employee will not be joined, consolidated, or heard together with claims of any other Employee." (*Id.*)

Finally, the Agreement contains a broad grant of authority to the arbitrator, providing that "to the maximum extent permitted by applicable law, the validity, construction, and interpretation of this Agreement," including "the determination of issues that are subject to arbitration" and "the scope of those issues," among other things, "shall be decided by the arbitrator." (*Id.* ¶ 11.)



## II. <u>Defendants' Proposed Motion</u>

Given the broad and unambiguous terms of the Agreement, Defendants respectfully seek leave to file a motion to compel arbitration and to dismiss the Complaint or, in the alternative, stay the Action pending arbitration. As is necessary to warrant the granting of such a motion, Defendants will demonstrate through relevant, admissible evidence: (1) that the parties agreed to arbitrate; (2) that all claims asserted in this Action fall within the scope of the Agreement; and (3) that with respect to the FLSA claim, Congress intended such claims to be arbitrable. *See Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 844 (2d Cir. 1987); *Applebaum v. Lyft Inc.*, 263 F. Supp. 3d 454, 463 (S.D.N.Y. 2017).

Given that all of the claims asserted in this Action are arbitrable, dismissal of the Action is warranted. *See Patterson v. Raymours Furniture Co.*, 659 Fed. App'x 40 (2d Cir. 2016); *Am. E Grp. LLC v. Livewire Ergogenics, Inc.*, 432 F. Supp. 3d 390, 399 (S.D.N.Y. 2020); *Ryan v. JPMorgan Chase & Co.*, 924 F. Supp. 2d 559 (S.D.N.Y. 2013). In the alternative, should the Court determine to compel arbitration but decline to dismiss the Action, Defendants respectfully submit that a stay of the Action pending the parties' arbitration is warranted pursuant to Section 3 of the Federal Arbitration Act.

Defendants' proposed motion would additionally seek, in further alternative should the Court decline to compel arbitration, to dismiss Plaintiff's third and fourth claims for lack of standing. Those claims arise under NYLL and allege failures to provide wage notices and comply with wage statement provisions, respectively. (Compl. ¶¶ 75-81). However, subsequent to the Supreme Court's recent holding that "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court[,]" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021), other district courts have dismissed identical claims because such violations "do not lead to either a tangible injury or something akin to a traditional cause of action" and therefore "cannot sustain Article III standing in federal court." *Garrido v. House of Salads LLC*, Case No. 20-cv-6072, 2022 U.S. Dist. LEXIS 58496, at *18 (E.D.N.Y. Mar. 30, 2022) (citations omitted). Defendants submit that such a holding should be adopted in this matter as well.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*s/ Casey J. Hail*

Casey J. Hail

cc: All counsel of record